IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MISTY D. FARLEY,

    Plaintiff,

v.  No. 1:23-cv-01078 STA-jay

ARVIN SANGO, INC., &
ARVIN SANGO, INC. and SUBSIDIARIES,

    Defendants.

---

## REPORT AND RECOMMENDATION

---

Plaintiff filed this pro se Complaint on May 5, 2023. (Docket Entry [D.E.] 1). This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to conduct a screening of the Complaint because Plaintiff sought and received in forma pauperis status. (D.E. 7). For the reasons that follow, the undersigned **RECOMMENDS** the Court **DISMISS** Plaintiff's Complaint.

    **I.**    **PROPOSED FINDINGS OF FACT**

Plaintiff Misty D. Farley was employed by Defendant Arvin Sango, Inc. from July 2019 until her termination on August 25, 2021. (D.E. p. 4, PageID 4). Plaintiff was terminated after circulating a petition on April 24, 2021, for other employees to sign regarding a variety of workplace issues, and for sending two emails in the weeks preceding the petition concerning other workplace issues. (Id., D.E. 1-2, p. 1, PageID 10). Arvin Sango, Inc.'s Human Resources advised Plaintiff that she was terminated for misuse of company email and unprofessionalism. (D.E. 1, p. 4, PageID 4; D.E. 1-2, pp. 1, 5, 10-11 PageID 10, 14, 19-20).

On July 19, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (D.E. 1, p. 5, PageID 5). On February 6, 2023, the EEOC issued a Right to Sue letter dismissing Plaintiff's charge of discrimination "because [Plaintiff's] charge was not filed within the time limits under the law; in other words, [Plaintiff] waited too long after the date of the alleged discrimination to file [her] charge." (D.E. 1-1, p. 1, PageID 7).

Plaintiff brought this action on May 5, 2023, asserting that her termination was unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (D.E. 1, p. 1, PageID 1). Plaintiff does not identify as being a member of a protected class in her Complaint and makes no allegations that she was terminated for any reasons other than the emails she sent and the petition she shared with her co-workers. Plaintiff seeks compensatory damages, and injunctive relief. (*Id*. at p. 6, PageID 6).

## II.   SCREENING STANDARD

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

> i. is frivolous or malicious;
> ii. fails to state a claim on which relief may be granted; or
> iii. seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint

to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Under § 1915(e)(2)(B), the Court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

### III.    PROPOSED CONCLUSIONS OF LAW

Prior to filing an action in federal court, an individual alleging discrimination under Title VII must file a charge of discrimination with the EEOC. 29 U.S.C. § 626; 42 U. S. C. § 2000e-5(e), *Hoover v. Timken Co.,* 30 F. App'x 511, 513 (6th Cir. 2002). That charge must be filed within 180 days after the alleged discriminatory conduct. *Id.* Some states, such as Tennessee, have created state or local agencies to enforce the laws prohibiting discrimination and, in those states, individuals are allowed 300 calendar days within which to file a charge. *Id.; National Railroad Passenger Corp. v. Morgan*, 536 U. S. 101, 109 (2002); *Clemmons v. Metro Government of Nashville*, 664 F. Appx. 544, 546 (6th Cir. 2016). The limitations period begins to run when an employer makes and communicates an adverse decision to an employee and the employee is aware of or reasonably should be aware of the employer's decision. *Block v. Meharry Medical College*, 723 F. Appx. 273, 277 (6th Cir. 2018) (citations omitted).

Plaintiff alleges that she was discriminated against when she terminated on August 25, 2021. (D.E. p. 4, PageID 4). Plaintiff did not file a charge of discrimination with the EEOC until

July 19, 2022.  (D.E. 1, p. 5, PageID 5).  Plaintiff waited 328 days from the date of the alleged act of discrimination before she filed her charge of discrimination.  Because Plaintiff failed to file her charge with the EEOC within 300 days of the complained of activity, her EEOC charge was untimely and the claim she asserts under Title VII is time barred.

## IV. RECOMMENDATION

For the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff Misty D. Farley's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted this the 8th day of August, 2023.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**